# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## MEDFORD DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

GIOVANI FRANCISCO ABARZA;
JOSEPH SANTINO DIBRITO;
LISA RENEE ABARZA,

       Defendants.

No. 1:14-cr-00179-MC

**OPINION AND ORDER**

McSHANE, District Judge.

This matter comes before me on Defendant Giovanni Abarza's Motion to Dismiss for violation of the Speedy Trial Act. ECF Dkt. #150. The motion is GRANTED.

## LEGAL STANDARD

The Speedy Trial Act, 18 U.S.C. § 3161, provides that when a defendant enters a plea of not guilty, the trial of the defendant shall commence within seventy days of either (1) the filing of the indictment or (2) the defendant's first appearance, whichever is later. 18 U.S.C. § 3161(c)(1). In cases involving multiple defendants who are joined for trial, the period of seventy days is deemed to begin on the date of the indictment or arraignment of the latest codefendant. *United States v. Henderson,* 476 U.S. 321, 323 n.2 (1986). The seventy day period of all codefendants is measured with respect to that of the latest codefendant. *Id.*

The seventy-day period is subject to a number of exclusions. These exclusions include (1) any period of delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;" (2) "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court[;]" and (3) "any period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in speedy trial." 18 U.S.C. §§ 3161(h)(1)(D), (h)(1)(H), (h)(7)(A). Pretrial motions automatically create exclusions. *United States v. Tinklenberg*, 563 U.S. 647, 653, 662 (2011). Holidays and weekends count against the measure of excluded days. *Id.* at 662-63. In cases involving multiple defendants, when the defendants have not been severed, any exclusion or delay that applies to one defendant will apply to the others. *United States v. Daychild*, 357 F.3d 1082, 1091 (9th Cir. 2004). The tolling of the Speedy Trial clock is reckoned inclusively and, for the purposes of exclusions resulting from pretrial motions, the day a motion was filed and the day it was heard are considered to be excluded. *Id.* at 1093.

If a defendant is not brought to trial within seventy days, after tallying the exclusions provided in § 3161(h), then the information or indictment must be dismissed on the defendant's motion. 18 U.S.C. § 3162(a)(2). The defendant must make the motion before trial commences or a guilty plea is entered and the defendant bears the burden on the motion. *Id.*

## BACKGROUND

Defendant Giovani Abarza is charged with Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1), and Possession of Methamphetamine with Intent to Distribute, 18 U.S.C. §§

841(a)(1), (b)(1)(A)(viii). ECF No. 25. Defendant Joseph Dibrito is charged with Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1). ECF No. 25. Defendant Lisa Renee Abarza is charged with Possession of Methamphetamine with Intent to Distribute, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). ECF No. 25.

Mrs. Abarza was the latest co-defendant and the Speedy Trial clock commences at her first appearance and arraignment on July 24, 2014.[1] ECF No. 35. Thirty-four days elapsed between Mrs. Abarza's arraignment and August 28, 2014, when the Court ordered that seven days be excluded as part of a scheduling order.[2] ECF No. 38. On September 4, 2014, Mrs. Abarza moved for a continuance, which was granted on the same day and ninety days were ordered to be excluded. ECF Nos. 39, 40.

The clock began to run on December 4, 2014. Two more days were excluded because, on December 11, 2014, Mrs. Abarza moved to reset a status conference, which was granted on December 12, 2014. ECF Nos. 47, 48. At this point there were forty-one days on the clock.

Five days elapsed before Mrs. Abarza filed her second Motion to Continue on December 18, 2014, ECF No. 49, which was granted on the same day. ECF No. 50. At this point, forty-six days had elapsed. By the terms of the Order, the period from January 8, 2015, through March 7, 2015, was excluded. ECF No. 50. Twenty days elapsed between the December 18, 2014 Order and the excluded period beginning on January 8, 2015, for a total of sixty-six non-excluded days.

---

[1] Mr. Abarza's first appearance was on May 5, 2014. ECF No. 9. Mr. Dibrito's first appearance was on May 8, 2014. ECF No. 14.

[2] On June 12, 2014, before Mrs. Abarza was indicted, Mr. Abarza and Mr. Dibrito filed a Motion to Continue, ECF No. 22, which was granted on June 16, 2014. ECF No. 23. On June 16, 2014, the Court ordered that ninety days be excluded under the Speedy Trial Act in the interests of justice. The Government contends that the June 16, 2014 Order remained in effect after Mrs. Abarza was added as a defendant by the Superseding Indictment and that the excluded time applies to her, as well as to her codefendants. Leaving aside the question of how a defendant might be bound by scheduling motions which were made before she became a party to the case, the Ninth Circuit has held that courts must "synchronize" the Speedy Trial clocks of all defendants based on the starting date of the latest added codefendant. *United States v. King*, 483 F.3d 969, 973-74 (9th Cir. 2007). Ultimately, this issue is irrelevant because even if the Government is given the benefit of the thirty-four days that elapsed between Mrs. Abarza's indictment and August 28, 2014, the end result is that this case will still exceeded the seventy days allowed by the Speedy Trial Act.

On February 2, 2015, Mr. Abarza filed a Motion to Continue. ECF No. 52. That motion was granted on February 3, 2015, and the period from March 3, 2015, through July 28, 2015, was excluded. ECF No 53.

On June 16, 2015, Mrs. Abarza filed her third motion to continue. ECF No. 58. That motion was granted on June 22, 2015, and it was ordered that ninety days were excluded, beginning on July 29, 2015. ECF No. 59.

On September 18, 2015, Mr. Abarza filed a Motion to Suppress, ECF No. 73, and a Motion to Dismiss, ECF No. 74. Mrs. Abarza filed a Motion to Suppress and Motion to Dismiss on October 8, 2015. ECF No. 81. The Court held an evidentiary hearing on the motions on October 27 and 28, 2015, before taking the motions under advisement. ECF Nos. 92, 93. The Court granted the Motions to Suppress on November 6, 2015. ECF No. 99. The clock began to run again on November 10, 2015.[3]

Six days passed before Mr. Abarza moved to revoke his detention order on November 16, 2015, which was granted on November 17, 2015. ECF Nos. 101, 105. Seventy-two days had elapsed by this point.

Twenty-nine more days elapsed before the Government filed a Motion for Reconsideration of the Court's order granting the Motions to Suppress on December 17, 2015. ECF No. 109. 101 days had elapsed by this point. The briefing schedule for this motion became entangled with briefing on Mrs. Abarza's second Motion to Suppress, ECF No. 119, and Mr. Abarza's second Motion to Suppress, ECF No. 136. These motions were taken under advisement on July 11, 2016, ECF No. 143, and resolved in a single Order on August 5, 2016, in

---

[3] Although the Court's Order granting the Motions to Suppress was signed on November 6, 2015, which was a Friday, it was not docketed until the following Monday, November 9, 2015. Mr. Abarza's motion gives the Government the benefit of the three days between when the Order was signed and when it was docketed and so I also give the Government the benefit of those days.

which the Court granted the Motions to Suppress and denied the Motion for Reconsideration. ECF No. 144.

A further seventeen days elapsed before the Court held a scheduling conference on August 23, 2016, to set a new trial date. ECF No. 146. At this point, 118 days had elapsed. On August 29, 2016, Mrs. Abarza filed another Motion to Continue, which halted the clock. ECF No. 147. In total, 123 non-excluded days elapsed between Mrs. Abarza's first appearance and the final stopping of the clock on August 29, 2016. This motion followed.

## DISCUSSION

The Court held a hearing on this motion on October 11, 2016. Counsel for all three Defendants appeared by telephone. At that hearing, the Government indicated that it lacked sufficient evidence to proceed with this case and it filed a Motion to Dismiss shortly thereafter. The Government requests that dismissal be without prejudice. Counsel for Mrs. Abarza indicated that Mrs. Abarza was amendable to dismissal without prejudice, either at the Government's motion, or for violation of the Speedy Trial Act. Counsel for Mr. Abarza, joined by counsel for Mr. Dibrito, urged that dismissal should be with prejudice for violation of the Speedy Trial Act.

Defendant contends that 127 non-excluded days have elapsed. As set forth above, I find that 123 days have elapsed on the Speedy Trial clock. Accordingly, I conclude that Mr. Abarza has met his burden and the Motion to Dismiss, ECF No. 150, is GRANTED.

I turn then to the question of whether dismissal should be with or without prejudice. In making that decision, courts must consider the following factors: 1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of

justice. 18 U.S.C. § 3162(a)(1). When making a determination of whether dismissal should be with or without prejudice, the court must conduct a hearing on notice, make factual findings, and apply the three factors. *United States v. Pena-Carillo*, 46 F.3d 879, 882 (9th Cir. 1995).

## I.    Seriousness of the Offense

Mr. Abarza and Mr. Dibrito are charged in the Superseding Indictment with Felon in Possession of a Firearm and Mr. and Mrs. Abarza are charged with Possession of Methamphetamine with Intent to Distribute. ECF No. 25. The Ninth Circuit has found that a defendant under indictment for Conspiracy to Distribute Methamphetamine and Aiding and Abetting the Manufacture of Methamphetamine was charged with an "undoubtedly serious" offense. *United States v. Clymer*, 25 F.3d 824, 831 (9th Cir. 1994). With the additional weight of the firearms charges, I have no difficulty concluding that all three Defendants are charged with serious offenses. However, the *Clymer* court cautioned that this factor must be weighed against both the other two statutory factors and the seriousness of the delay. *Id.*

## II.    Facts and Circumstances of the Case

In assessing the facts and circumstances of the case, we must look at the "sheer length of the period involved." *Clymer*, 25 F.3d at 832 (quotation marks and citation omitted). We must also assess whether the delay was "technical, rather than substantive." *United States v. Alvarez-Perez*, 629 F.3d 1053, 1062 (9th Cir. 2010) (quotation marks and citation omitted). In this case, the seventy days allowed by the Speedy Trial Act were exhausted in November 2015, and fifty-three non-excluded days have elapsed since the allotted time was exhausted. Although the overrun went unnoticed in the vigorous round of pretrial motions filed by both the Government and the Abarzas, it is difficult to dismiss such an error as "technical."

Courts must also consider whether the defendant was prejudiced by the delay. *Clymer*, 25 F.3d at 832; *Alvarez-Perez*, 629 F.3d at 1062. In *Clymer*, the Ninth Circuit held that the question of prejudice must include whether the defendant was incarcerated during the pretrial period. *Clymer*, 25 F.3d at 832. Even when not in custody, a defendant may still be prejudiced by the cloud of the indictment. *Id.* In this case, although Mr. Dibrito was granted pretrial release relatively early, both Mr. and Mrs. Abarza were in custody for lengthy periods. Mr. Abarza was in custody from his initial arrest in May 2014 until November 17, 2015. ECF No. 107.

I conclude that the facts and circumstances of this case weigh in favor of dismissal with prejudice.

### III.    Administration of Justice

Finally, courts must consider the impact of reprosecution on the administration of the Speedy Trial Act and on the administration of justice. In making this assessment, courts must consider whether there was any bad faith on the part of the Government. *Alverez-Perez*, 629 F.3d at 1063. Courts must also consider whether a defendant would be prejudiced in the event of a retrial by the loss of evidence or the unavailability of witnesses. *Clymer*, 25 F.3d at 832.

In this case, I am presented with a unique circumstance. Although I find no bad faith on the part of the Government, I have previously granted the Abarzas' Motions to Suppress. Although Mr. Dibrito was not a party to those motions, the Government did not proceed with their case against Mr. Dibrito or move to sever Mr. Dibrito's case from the case against the Abarzas. At the hearing on this motion, the Government advised the Court that it did not have sufficient evidence to proceed against any of the Defendants at this time and, on October 12, 2016, the Government moved to dismiss the indictment. ECF No. 154. In light of the

Government's concessions, I conclude that dismissal with prejudice would not adversely affect the administration of justice or of the Speedy Trial Act.

After weighing the factors and considering the record, I conclude that dismissal with prejudice is warranted in this case.

## CONCLUSION

Giovani Abarza's Motion to Dismiss, ECF No. 150 is GRANTED.   This case is DISMISSED with prejudice.  All pending motions are DENIED as MOOT.

It is so ORDERED and DATED this ⁀⁀ of October, 2016.


Michael J. McShane
United States District Judge